222822. Thank you. Hold on, Mr. Hirschaft. Go ahead. Okay, please proceed. Okay, this case, this case was originally brought in 2000, but subsequent to the decision, there was a law passed by the City Council about the lotteries and the raffles that wasn't litigated in the there's also an issue of clash of values between the Campaign Finance Board and Orthodox Judaism that has never been litigated and should be litigated because it's an important issue. Okay, so what I want to say is that there's a lack of substantial correlation between what the Campaign Finance Board is authorizing under the laws and rules and regulations that you have to get you have to get the approval, you have to get the credit card numbers and the addresses, stuff like that. You have to get some information about potential donors, right? So there's a question about substantial correlation between that information that they're trying to get and what their values are. The values are transparency, openness, you know, getting information about the donor, potential donor, where they're located, how much they donated. And I'm arguing that in a small donation case... Do you agree that that's an interest, that's a valid interest of the government, transparency and so on? Do you agree with that? Yes and no, yes and no. Yes in general, but no in the case of a small donation. In the case of a small donation like Sanders, when you get small donations, to force him to get all this information, to get matching funds for small donations, right, would cause a lot of monotony. It would be monotonous, it would cause a lot of red tape. I don't think it's necessary. That's what I'm arguing, that it's not a substantial correlation because it's a small donation. Why do you need transparency with a small donation? I'll ask a rhetorical question. Why do you need that? And why do you need the information for donors? Who's going to be looking at that? I mean, it's 25 cents a dollar? I mean, come on, that's not very much. That's not going to influence the political system in a nefarious way. But maybe on a $100 donation, a $1,000 donation, yeah, I could see that, but not in a small donation. That's the basis of my case. The basis of my case is that on a small donation level, there's not a substantial correlation. And the Supreme Court of the United States has stated that you need this correlation, you need a substantial correlation between the goals you're trying to accomplish and what you're doing and what policies you're supporting. And also, I argued in my brief about a prior case that I wasn't able to litigate on an appellate level. And this is the first time since that time that I brought the case. And so that's why I wanted to argue that there was a lack of procedural due process in that prior case, Hershiff versus, well, the New York City Police Department. That was before us, too. What? That was also before us eventually. No, it wasn't. It was before you. Okay. It's before you now. It's before you now, but it was before you before. Oh, you mean this case? No, this other case that I'm talking about, Hershiff versus like the New York, the Supreme Court of the United States, Homeland Security. Excuse me. It's not part of this appeal. I mean, you want to appeal it now, but it was not in fact appealed to us. Right. I understand, but I'm saying that- I'm just asking. That's true what you said, but I'm saying it was a lack of procedural due process in the case that caused me not to argue the case on appeal. In other words, I ended up losing. By not arguing on appeal, I ended up losing the whole case. In other words, the district court judge, Clintz, he basically- Judge Clintz. Judge Clintz, right. He basically took the case and ditched it. He ditched the case. I lost all arguments and all defendants. I'm arguing that's not right. It's not fair. Mr. Hershiff, we've read, I think it's fair to say, everything that you submitted. We're familiar with the history and very much appreciate, and the court very much appreciates the argument. What will happen now is that we'll discuss your case as well as the other cases and come up with a decision. And so that will happen at some point, obviously, after today. Is that fair? Yeah, that's fair. Great, great. So thank you very much. Thank you. We will reserve the decision in your case, and that concludes today's argument calendar. I'll ask the court and the deputy to please adjourn the court. Court is adjourned.